[Civ. No. 66215. Second Dist., Div. Four. May 23, 1983.]

GWENDOLYN OLIVER, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Respondent.

COUNSEL

Toby J. Rothschild, Philip L. Goar, Paul Ashby and Karen L. Woods for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Thomas E. Warriner, Assistant Attorney General, Anne S. Pressman and John H. Sanders, Deputy Attorney General, for Defendant and Respondent.

OPINION

**KINGSLEY, J.**—Plaintiff appeals from a judgment denying her petition for a writ of mandate to overturn an adverse decision of respondent board. We reverse.

Plaintiff was employed as a janitor from January 2, 1975, until July 30, 1975, when she was discharged. Thereafter she filed with the NLRB a claim against her employer for unlawful discharge, and also filed a claim for unemployment insurance. She received unemployment insurance until August of 1976. In the

meantime her NLRB proceeding was settled by payment to her of an amount equal to her back pay. Although the settlement agreement recites that the employer does not admit any unfair labor practice, the respondent here concedes that the award was based on an unlawful practice.

Under the provisions of the unemployment insurance act, a period of time after a discharge but prior to filing of a claim is disregarded for determining the amount of insurance payable. However, under section 1277 of that code, a second claim for insurance may be filed, relying on the period so excluded in computing the first claim. That section, controlling here, reads as follows:

"Notwithstanding the provisions of Section 1281, if the base period of a new claim includes wages which were paid prior to the effective date of and not used in the computation of the award for a previous valid claim, the new claim shall not be valid unless, during the 52-week period immediately following the effective date of the previous valid claim, the individual earned or was paid sufficient wages to meet the eligibility requirements of subdivision (a) of Section 1281 and had some work. For the purpose of this section only the term 'wages' includes any and all compensation for personal services performed as an employee for the purpose of meeting the eligibility requirements under subdivision (a) of Section 1281. This section is not applicable to the computation of an award for disability benefits but the establishment of a valid claim for disability benefits shall not constitute a valid claim for unemployment compensation benefits unless the claimant earned or was paid sufficient wages and performed some work to entitle the claimant to an award under this section."

■ The position of respondents here, accepted by the trial court, is that the NLRB settlement was not wages and did not involve "work" within the meaning of those terms in the statute. We disagree.

I

In *Social Security Board* v. *Nierotko* (1946) 327 U.S. 358 [90 L.Ed. 718, 66 S.Ct. 637, 162 A.L.R. 1445], the United States Supreme Court held that a similar settlement and award were "wages" for the purpose of computing benefits under the Social Security Act. It is true, as respondent here argues, that in that case the employee not only received back wages but was reinstated in his job. We cannot see that that is a material difference. The issue in *Nierotko* was simply whether the back pay was "wages." The reference in the opinion to the employee's additional victory has no bearing on the definition of "wages."

II

The other prong of the respondent's case is the contention that plaintiff had not "worked" during the period in question. In that connection, respondent

relies on a provision in the California Administrative Code, title 22, section 1277.2, pages 76.92-76.93, purporting to define "work." That regulation reads as follows:

"(a) 'Work' means services performed by a person for remuneration under a bona fide contract with and payable by another person, including any employing unit, and includes services performed for income or earnings in self-employment, or as an employee as defined by Section 621 of the code, or as an independent contractor for a principal, or as an employee under the usual common law or admiralty rules regardless of whether the services are in 'employment' under the code.

"(b) 'Remuneration' includes call-in or stand-by pay, but does not include 'other benefits' as defined by Section 2629 of the code, pay for sick leave, vacation pay, back pay, supplemental unemployment benefit payments, severance, dismissal or separation pay, in-lieu-of-notice pay, or prizes, awards or other gains received in any drawing, game, or contest." We can see in that regulation no provision applicable to the situation here before us. Plaintiff did not perform services solely because her employer refused to let her perform services. Nothing in the record shows that, had the employer repented its unlawful discharge and recalled her, she would not have responded and resumed her janitoring. An employee ready, able and willing to work, but involuntarily prevented by her employer from performing services, is "working" just as are many employees who report for work but are left standing idle because nothing at that time needs to be done. To adopt the interpretation here urged by the respondent would result in the very evil against which section 100 of the code recites is the reason for the unemployment insurance law.

The judgment is reversed.

Woods, P. J., and McClosky, J., concurred.